UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:25-cv-03167

VOLTSTAR TECHNOLOGIES, INC.,

    Plaintiff,

v.

SALIM LAKHANI dba CEATECH,
VERIZON VALUE INC. AND
WIRELESS WORLD FL LLC,

    Defendants.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff VOLTSTAR TECHNOLOGIES, INC. ("Voltstar") by and through its undersigned counsel, brings this Complaint against Defendants SALIM LAKHANI dba CEATECH, VERIZON VALUE INC. and WIRELESS WORLD FL LLC for Patent Infringement, and in support, alleges as follows:

## NATURE OF THE LAWSUIT

1. This is an action for patent infringement of United States Patent Number 9,024,581, and its Reissue Patent Number RE48,794 E (hereinafter, the "'794 Patent") arising under the patent laws of the United States Title 35, United States Code §§ 1 *et seq.* to enjoin further infringement and obtain damages resulting from Defendants' unauthorized manufacture, use, offer to sell and sale in

the United States of products identified and described herein in violation of Plaintiff Voltstar's rights under the '794 Patent.

## JURISDICTION AND VENUE

2. This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over the Defendants.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b)(3) because Defendants have committed acts of infringement and is subject to personal jurisdiction within this judicial district and division.

## THE PARTIES

5. Plaintiff, Voltstar Technologies, Inc. ("Voltstar"), is an Illinois Corporation with a principal place of business located at P.O. Box 3727, Barrington, IL 60010.

6. Defendant Salim Lakhani dba CEATECH ("Lakhani") is an individual residing in Oldsmar, Florida. Upon information and belief, Salim Lakhani owns and operates the business of CEATECH which is the brand of the accused products herein.

7. Defendant Verizon Value, Inc. ("Verizon Value") is a Delaware corporation that is registered to do business in the state of Florida, with its principal place of business at 9700 Northwest 112th Avenue, Miami, FL 33178

and can be served by serving its registered agent, C T CORPORATION SYSTEM at 1200 South Pine Island Road, Plantation, FL 33324. Verizon Value is a retailer of CEATECH products.

8.   Defendant Wireless World FL LLC ("Wireless World") is a Florida limited liability company, with its principal place of business at 1815 E. FOWLER AVE., TAMPA, FL, 336129700 Northwest 112th Ave, Miami, Fl, 331785187 Shadowlawn Avenue, Unit 108, Tampa, FL, 33610 and can be served by serving its registered agent, Salim Lakhani, at 272 Mobbly Bay Drive, Oldsmar, FL 34677. Upon information and belief, Wireless World is the manufacturer and supplier of CEATECH products.

9.   Lakhani, Verizon Value and Wireless World will be collectively referred herein as "Defendants."

## THE PLAINTIFF'S PATENT

10.   Voltstar owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number RE48,794 E (the "'794 patent"), entitled "Charger Plug With Improved Package", issued October 26, 2021. A copy of the '794 Patent is attached hereto as **Exhibit 1**.

11.   Prior to May 21, 2008, James W. McGinley, Donald Rimdzius, and David P. Marcusen, invented a novel and non-obvious Charger Plug with Improved Package.

12.     McGinley, Rimdzius, and Marcusen applied for and obtained United States Patent No. 9,024,581 (the "'581 patent") entitled "Charger Plug with Improved Package Electrical Charger" which was duly and legally issued on May 5, 2015.

13.     McGinley, Rimdzius and Marcusen assigned all right, title and interest in and to the '581 Patent to Horizon Technologies, Inc. in May, 2008, which was recorded at the United States Patent and Trademark Office on May 21, 2008 at Reel 20979, Frame 56. Horizon Technologies, Inc. changed its name to Voltstar Technologies, Inc. and recorded such change of name at the United States Patent and Trademark Office on March 1, 2010, and corrected on November 22, 2010 at Reel 25411, Frame 783.

14.     In general, non-legal terms, the '581 Patent relates to a Charger that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power. The size and shape of the Charger are such that upon plugging the Charger into a source of AC power such as a wall outlet, (a) the Charger does not block or interfere with the use of adjacent outlets and (b) the Charger does not interfere with objects or furniture that may be placed adjacent to or in front of the outlet.  In addition, the size and shape of the Charger are such that (a) a power cord for the device to be charged may be easily inserted into and

removed from the Charger while the Charger is plugged into the source of AC power and (b) removal of the power cord from the Charger can be accomplished without removal of the Charger from the source of AC power. An example of the "Charger Plug with Improved Package Electrical Charger" is shown below:



15. On October 26, 2021, the U.S. Patent No. 9,024,581 was reissued as Patent Number US RE48,794 E ("the '794 Patent"). The reissued '794 Patent, in part, specifically amended Claim 1(i) to now state: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is less than 2.0 inches, a width of the housing outer profile being less than 1.75 inches …"[1]

---

[1] The previous language of the U.S. Patent No. 9,024,581 Claim 1(i) stated: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is equal to or less than 2.0 inches …"

On reissue, the USPTO amended the claim language. The bolded language was omitted and the italicized portion was included, shown as follows: "being sized so that the charger plug housing

16. Pursuant to 35 U.S.C. § 252, Claim 1 of the reissued '0 Patent is substantially identical with the original U.S. Patent No. 9,024,581 in that it has only limited the sizing dimensions of the claimed invention. Therefore, the reissued '794 Patent is a continuation of the original U.S. Patent No. 9,024,581 and has effect continuously from the date of the original patent as May 5, 2015.

## DEFENDANT'S PRODUCT(S)

### Accused Product #1 - Brookstone PD 20W Charger

17. Defendants make, use, offer for sale and sell the CEATECH Dual Port Wall Charger (hereinafter referred to as "CEATECH Charger"). An example of the Brookstone 20 W Charger is shown below.



18. Defendants advertise the use of and sale of its CEATECH Charger which is a *charger* that is to be connected between a source of AC power, such as a

---

comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is [**equal to or**] less than 2.0 inches, *a width of the housing outer profile being less than 1.75 inches …*"

wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power.

19. In particular, the CEATECH Charger distributed by Defendants employs a reduced plug-size charger plug, that upon plugging the CEATECH Charger into a source of AC power such as a wall outlet, the CEATECH Charger does not block or interfere with the use of adjacent outlets.

20. Moreover, the size and shape of the CEATECH Charger are such that a power cord for the device to be charged may be easily inserted into and removed from the CEATECH Charger while the charger is plugged into the source of AC power and removal of the power cord from the CEATECH Charger can be accomplished without removal of the charger from the source of AC power.

21. Attached hereto as **Exhibit 2** is a Claim Chart that illustrates each element of the infringing CEATECH Charger as compared to Claim 1 in the '794 Patent.

22. Defendants infringed at least one of the claims of the '794 Patent by offering to sell and by selling a charger plug identified as the CEATECH Charger.

23. The CEATECH Charger has a longitudinal length less than 2 inches, approximately 1.606 inches, and a width of less than 1.75 inches, approximately 1.490 inches.

# COUNT I
# DIRECT INFRINGEMENT OF U.S. PATENT NO. RE48,794 E

24. Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1 through 23, as set forth above.

25. Within the six years preceding the filing of this Complaint, Defendants have directly infringed at least one claim of U.S. Patent No. RE48,794 E by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

26. Without limiting the foregoing, Defendants have infringed at least Claim 1 of the '794 Patent as described in the Claim Chart attached hereto as **Exhibit 2**.

27. Defendants' acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without license, permission, or authorization from Voltstar.

28. Defendants' infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendants' products including its CEATECH Charger, which incorporates Voltstar's patent.

29. Defendants' infringement of the '794 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Voltstar Technologies, Inc. demands judgment and relief against Defendants Salim Lakhani dba CEATECH, Verizon Value Inc. and Wireless World FL LLC and respectfully requests that the Court:

A. An entry of judgment holding that Defendants have infringed and is infringing the '794 Patent;

B. For an accounting and an award of damages sufficient to compensate Voltstar for the infringement in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

C. A determination that Defendants' infringement has been willful, wanton, and deliberate and that the damages against it be increased up to treble on this basis or for any other basis in accordance with the law;

D. A finding that this case is an exceptional case under 35 U.S.C. § 284 and an award to Voltstar of its costs and reasonable attorneys' fees as provided by 35 U.S.C. § 285;

E. An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '794 Patent; and

F.  That Voltstar is entitled to such other and further relief as to the Court appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: November 18, 2025                Respectfully submitted,


*/s/  Layla T. Nguyen*
LAYLA T. NGUYEN
Florida Bar Number: 1024723
layla.nguyen@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.826.6924 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Voltstar Technologies, Inc.*